MARTÍNEZ, APPELLANT, v. AMERICAN RAILROAD COMPANY OF
PORTO RICO, RESPONDENT.

APPEAL from the District Court of Mayagüez.

No. 978.—Decided June 28, 1913.

SERVITUDE—APPARENT SIGN—SEGREGATIONS FROM LARGER PROPERTY.—The provisions of section 548 of the Revised Civil Code recognizing and sanctioning the well-established theory of the apparent sign as a title for acquiring servitudes are applicable to the case of one single property divided into two or more parts.

DAMAGES—DOUBTFUL EVIDENCE—REMAND FOR REVIEW.—According to section 306 of the Code of Civil Procedure as amended by Act of March 8, 1906, when, as in the case at bar, the evidence upon which to fix the amount of the damages claimed is doubtful, the Supreme Court may remand the case to the lower court for review as regards the points in doubt.

The facts are stated in the opinion.

The appellant appeared *pro se*.

*Mr. Federico G. Pérez Almiroty* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

We have examined carefully the pleadings, the evidence and the findings of fact of the trial court, and to our mind the following is clearly shown:

That about the year 1876 Francisco Molina purchased a property of 11 *cuerdas,* more or less, in the ward of Algarrobo of the municipal district of Mayagüez. In 1889, while owner thereof, Molina segregated therefrom and sold to the defendant, a railroad company doing business in Porto Rico, a parcel of land of 3.54 *cuerdas.* Molina likewise segregated and sold four *cuerdas* of the same property to Zenón Bellido, in 1893. The said four *cuerdas* descended from Bellido to his heirs, who conveyed it to Juan Cumpiano, who conveyed it to the plaintiff, Rogelio Martínez Castro, in the year 1911. The original property and the portions segregated and sold are described in the complaint. The parcels segregated bound each other. All the transfers of ownership were witnessed by public deeds.

During Molina's ownership of the entire 11 *cuerdas* he

opened two roads which crossed the property and terminated at a public road.  When Molina sold to the defendant the 3.54 *cuerdas* segregated from the said 11 *cuerdas* no mention was made in the deed of the existence of said roads nor were the said roads closed prior to the execution of the deed.

About seven or eight years ago the defendant closed one of the said roads with a wire fence and later, in the year 1911, closed also the other road, thereby preventing all access to the public road from the plaintiff's lands, which are so situated that the only means of reaching the public road is over the lands of the defendant.

The district court held that when Molina segregated the land which he sold to the defendant company he voluntarily deprived the rest of the property, which now belongs to the plaintiff, of the right of way to and from the public road, because the vendor did not reserve such right in the deed of sale; that section 571, and not section 548, of the Revised Civil Code was applicable to the case and that, therefore, the complaint should and would be dismissed without considering whether the damages alleged had been proven.  The judgment was entered on February 4, 1913, and the present appeal was taken therefrom.

The appellant alleges that the district court erred in not applying section 548 of the Civil Code and that, in any event, it erred also in not rendering judgment in favor of the plaintiff under section 571 of said code which the court itself considered applicable.

Let us consider the first error alleged.

Section 548 of the Revised Civil Code, which is the same as section 541 of the Spanish Civil Code, reads as follows:

"Section 548.—The existence of any apparent sign of servitude between two tenements established by the owner of both of them, shall be considered, if one of them be alienated, as a title, in order that the servitudes may continue actively and passively, unless, at the time of the division of the ownership of both tenements, the contrary be expressed in the deed of conveyance of either of them, or if the said sign is removed before the execution of such instrument."

Prior to this legislation the Supreme Court of Spain had applied the theory of the apparent sign. In its judgment of September 14, 1867, 16 Civil Jurisprudence, 107, the Supreme Court said:

"The provisions of Law XIV, Title XXXI, *Partida* III, treating of the creation of servitudes, are not in conflict with the principle that when a person sells part of a property belonging to him without covenanting in the deed that the tenure of the purchaser shall be different from that of the vendor, it is understood that the land was sold with the servitudes necessary for its use and enjoyment."

In its judgment of November 7, 1883, 53 Civil Jurisprudence, 208, the said court expressed itself as follows:

"According to the doctrine established by this court, the provisions of Law XIV, Title XXXI, *Partida* III, relative to the manner of establishing servitudes, are not in conflict with the principle that when an estate is divided between two different persons and there is no covenant in the deed that their tenures thereof shall be different from that of the original owner of the whole, it is understood that the servitudes necessary for its use and enjoyment subsist and that the apparent sign thereof is a title for their continuance unless at the time of the division of the property the contrary was expressed, which is what happens in the present case. The property which is the subject-matter of this action was adjudicated to Juan Pérez Charueco in satisfaction of his judgment and after his death it was divided between his children, Juan and María Francisca, without any covenant regarding a different tenure, therefore the judgment appealed from, decreeing that Rafaela Liaño recognize the servitude of a right of way for cattle and carts, which is the object of the complaint, does not violate Law XIV, Title XXXI, *Partida* III, as alleged in the first ground of appeal."

In the judgment of October 21, 1892, 72 Civil Jurisprudence, 242, the court said:

"As has been held repeatedly by the Supreme Court, the provisions of Law XIV, Title XXXI, *Partida* III, relative to the manner of establishing servitudes, are not in conflict with the principle that when a property is divided among different persons and there is no

covenant in the deed of sale providing that the tenure thereof shall be different from that of the original owner of the whole, the servitudes necessary for its use and enjoyment shall be understood to continue.''

At first sight the construction given by the District Court of Mayagüez to section 548 of the Revised Civil Code is correct, but if the legal precedents and the facts are taken into account and said section is thoroughly studied, it will be seen that it contains nothing in opposition to the fact that the theory of the apparent sign is applicable to the case of a single property which is divided into two or more parts.

According to the facts alleged and proved at the trial, the road opened by the owner of the whole property existed when the part sold to the defendant was segregated and one of the roads continued in existence for many years thereafter until it was closed by the defendant in 1911. It was not a secret easement. The vendor continued working his farm and carrying his products to the public highway in the same manner as he did when he owned the entire property—that is, over the roads previously opened by him and now passing through the part sold to the defendant. No servitudes can be said to have existed while the vendor was the owner of the whole property. The idea of a servitude always presupposes a dominant and a servient estate. The servitude went into full effect from the moment the estate was divided. The vendor ceased to be the owner of the part sold, but the road—the apparent sign of the servitude—continued to exist and to be used as such.

Under such circumstances, the conclusion is unavoidable that when the defendant company acquired the parcel of land described in the complaint it acquired the same subject to a clear and apparent servitude of right of way in favor of the property of which the plaintiff is the present owner.

One of the roads was closed by the defendant about seven years ago and it does not appear that the owners of the dominant tenement made any objection but rather that they aban-

doned their right. The closing of the other road in 1911 was what really gave rise to the present action. The road closed in 1911 was sufficient to satisfy the needs of the plaintiff's property as a means of communication with the public highway.

For the foregoing reasons we are of the opinion that the district court erred in not rendering a judgment decreeing that the defendant company recognize the servitude of right of way existing on its property in favor of the property of which the plaintiff is the owner.

We have examined the evidence in regard to the claim for damages and it does not appear to be convincing. Therefore, in accordance with section 306 of the Code of Civil Procedure, as amended in 1906 (Acts of 1906, p. 163), we think the ends of justice will be better met by remanding the case to the lower court for revision as to this point.

Judgment should be rendered in accordance with the principles laid down in this opinion.

> *Reversed, judgment rendered for the appellant and the case remanded to the trial court for review as regards damages.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.